# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| TECHNOLOGISTS, INC., |
|     Petitioner, |
|     v. |
| MIR'S LIMITED, |
|     Respondent. |

Civil Action No. 09-1339 (CKK)

## MEMORANDUM OPINION
(July 27, 2010)

This matter comes before the Court on review of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14. Petitioner Technologists, Inc. ("Technologists") and Respondent Mir's Limited ("Mir's") arbitrated a dispute before the International Chamber of Commerce International Court of Arbitration, and on May 4, 2010, the arbitrator issued an award to Mir's in the amount of $51,450 plus interest. On July 20, 2009, Technologists filed a Petition to Vacate Arbitration Award ("Petition to Vacate") in this Court. After Mir's failed to respond to the Petition to Vacate and an order to show cause, this Court entered a final order granting the Petition to Vacate as conceded. *See* Order (Sept. 18, 2009), Docket No. [7]. On October 30, 2009, Mir's entered an appearance and filed a [12] Motion to Vacate the September 18, 2009 Order of the District Court for Lack of Personal and Subject Matter Jurisdiction, Inter. Alia. Pursuant to F.R.C.P. 60 ("Rule 60(b) Motion"). On the same date, Mir's filed a [9] Cross-Petition to Confirm Arbitration Award ("Cross-Petition to Confirm"). Technologists filed an opposition to Mir's Rule 60(b) Motion, to which Mir's filed a reply, and Technologists filed a surreply. Mir's filed a [19] Motion to Strike Technologists' Surreply or, in the Alternative, to

Allow Mir's Response to the Surreply, to which Technologists filed an opposition, and Mir's filed a reply. Technologists also filed a [14] Motion to Strike Mir's Cross-Petition to Confirm Arbitration Award, to which Mir's filed an opposition. The parties' motions are now ripe for decision. For the reasons explained below, the Court shall GRANT Mir's' Rule 60(b) Motion, DENY Mir's' Motion to Strike Technologists' Surreply, GRANT Mir's' Alternative Motion to Allow Mir's' Response to the Surreply, and DENY Technologists' Motion to Strike Mir's' Cross-Petition to Confirm. The Court shall HOLD IN ABEYANCE the Petition to Vacate and the Cross-Petition to Confirm pending further briefing from the parties.

## I. BACKGROUND

Petitioner Technologists, Inc. is a company incorporated in Virginia with its headquarters in Rossyln, Virginia. *See* Petition to Vacate, Ex. F (Arbitral Award) at 2. Respondent Mir's Limited is incorporated under the laws of Afghanistan with its headquarters in Kabul, Afghanistan. *Id.* On May 19, 2005, the parties entered into a "Purchase Agreement for Bagrami Industrial Park Turnkey Powerplant and Accessories Between Technologists Inc. and Mir's Limited" (the "Purchase Agreement"). *Id.* at 6. Under the Purchase Agreement, Technologists purchased certain goods and services from Mir's for use in the design, engineering, installation, and commissioning of a turnkey power plant for the Bagrami Industrial Park project awarded by the U.S. Agency for International Development and Provincial Reconstruction Team CFC-A. *Id.* In or about May 2006, Mir's delivered the power plant, but Technologists failed to take delivery and possession of the power plant. *Id.* As a consequence, Mir's continued to maintain the power plant, particularly its diesel generators, so as to keep the power plant functional and not have its useful life reduced. *Id.* On April 4, 2007, Technologists expelled Mir's' personnel from the

plant. *Id.* Mir's claims that it complied with all material aspects of the Purchase Agreement and that Technologists breached the Purchase Agreement by failing to take delivery of the plant and failing to pay for power, water, safe storage, and guarding of equipment during the construction period. *Id.* at 7. Technologists claims that it paid all of Mir's' invoices and that it had no duty under the Purchase Agreement to take over the power plant until April 2007, when the power plant was completed. *Id.*

Pursuant to the Purchase Agreement, the parties arbitrated their contract dispute before the International Chamber of Commerce's International Court of Arbitration in Washington, D.C. *See Mir's Limited v. Technologists, Inc.*, Case No. 15208/JEM/GZ (Int'l Chamber of Commerce, Int'l Ct. of Arb.) On June 9, 2008, the parties agreed upon certain Terms of Reference that limited the scope of the arbitration. *See* Pet. to Vacate ¶ 4 & Ex. A ("Terms of Reference"). The parties filed pre-hearing briefs, and a hearing was held by the sole arbitrator on January 12 and 13, 2009. *Id.* ¶¶ 5-6. One issue that arose during the briefing and hearing was whether the parties had created a second contract governing the guarding, operation, and maintenance of the power plant. *Id.* ¶¶ 5, 7. In a post-hearing order, the arbitrator requested briefing on, *inter alia*, the issue of the arbitral tribunal's jurisdiction to hear a dispute based on a separate contract. *Id.* ¶ 8 & Ex. D (Post-Hearing Order). The parties submitted additional briefs, with Technologists arguing that the arbitral tribunal lacked jurisdiction over any purported second agreement. *Id.* ¶ 9 & Ex. E (Post-Hearing briefs).

On May 4, 2009, the arbitral tribunal issued its final award ("Arbitral Award"). *See* Pet. to Vacate ¶ 10 & Ex. F (Arbitral Award). The arbitrator found that Technologists did not breach any obligation under the Purchase Agreement to pay for water, power, storage, and related items

during the construction of the power plant. *See* Pet. ¶ 11; Arbitral Award at 13-15. However, the arbitrator found that Technologists had entered into a new agreement with Mir's to operate, maintain, and guard the plant after delivery and that Technologists owed Mir's money pursuant to this new contract. *See* Pet. ¶¶ 12, 14; Arbitral Award at 21-26. The arbitrator also found that it had jurisdiction to adjudicate the claim pertaining to the new contract because it was interrelated with the Purchase Agreement. Pet. ¶ 13; Arbitral Award at 16-18. The arbitrator awarded Mir's $51,450, with post-judgment interest at a rate of three percent per year. *See* Arbitral Award at 28-29.

Technologists filed its Petition to Vacate Arbitration Award in this Court on July 20, 2009. *See* Docket No. [1]. In its Petition to Vacate, Technologists argues that the parties never agreed to arbitrate the purported "second contract" and therefore the arbitrator lacked jurisdiction to enter its award. On August 13, 2009, Technologists filed a Certificate of Service indicating that a copy of the Petition to Vacate, the Notice of Petition to Vacate, the corporate disclosure form required by Local Civil Rule 7.1, and all accompanying exhibits were served by certified mail, return receipt requested, on Geoffrey J. Hill, Esq., Mir's' counsel of record in the arbitration proceeding, at his address in New Jersey. *See* Certificate of Service (Aug. 13, 2009), Docket No. [5]. The Certificate of Service indicated that a copy of the return receipt, dated July 25, 2009, was signed and return to counsel for Technologists on or about July 29, 2009.

On August 21, 2009, Mr. Hill sent an email to counsel for Technologists confirming that he had received the Petition to Vacate and accompanying documents. *See* Pet'r's Opp'n to Rule 60(b) Mot., Ex. A (Aff. of Matthew J. Pavlides, Esq.) ¶ 4. Mr. Hill inquired about the absence of a waiver of service form. *Id.* ¶ 5. On August 24, 2009, counsel for Technologists, Mr. Sean T.

4

Morris, Esq., responded to Mr. Hill by email indicating that although he did not believe a waiver of service was necessary, he attached a draft waiver form as a courtesy. *See* Pet'r's Opp'n to Rule 60(b) Mot., Ex. B. (Aff. of Sean T. Morris, Esq.) ¶ 7. On August 28, 2009, Mr. Morris sent a letter to Mr. Hill with a waiver of service form and requested that he execute and return the waiver so that Mr. Morris could file it with the Court. *See id.* ¶ 8 & Ex. B-4 (Aug. 28, 2009 Letter).

On September 3, 2009, the Court issued an Order to Mir's to show cause why it had failed to respond to Technologists' Petition to Vacate, informing Mir's that it would treat the Petition as conceded if no response was filed by September 14, 2009. *See* Order (Sept. 3, 2009), Docket No. [6]. The Court directed that the Order be mailed to Mr. Hill. No response was filed by Mir's. Accordingly, on September 18, 2009, the Court issued a final order granting the Petition to Vacate as conceded, vacating the Arbitral Award and dismissing the case. *See* Order (Sept. 18, 2009), Docket No. [7]. Mr. Hill contends that he did not receive a copy of the Court's order of September 3, 2009. *See* Resp.'s Br. Supp. Rule 60(b) Mot., Aff. of Geoffrey J. Hill, Esq. ¶¶ 18-19.

On September 28, 2009, Mr. Hill returned the executed waiver of service form to Mr. Morris, noting that the deadline to respond to the Petition to Vacate would be October 30, 2009. *See* Resp.'s Br. Supp. Rule 60(b) Mot., Aff. of Geoffrey J. Hill, Esq., Ex. 1 (Sept. 28, 2009 Letter). Technologists did not file the waiver of service form with the Court, which had already closed the case after the final order of dismissal. On October 30, 2009, Mir's filed its Rule 60(b) Motion to vacate the Court's final order for lack of jurisdiction and its Cross-Petition to Confirm.

5

## II.  LEGAL BACKGROUND

The Federal Arbitration Act provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983), the Supreme Court recognized the FAA as "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Id.* at 24.  Accordingly, the FAA provides for limited judicial review of arbitration awards.  Pursuant to § 9 of the FAA, any party to an arbitration may apply to a federal district court for an order confirming the award, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9.  Section 10 provides that a district court may, upon application by any party, make an order vacating an arbitration award in the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evidence partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Section 11 provides that a district court may, upon application by any party, make an order modifying or correcting an arbitration award where there is an evident material miscalculation or mistake, where the arbitrators have awarded upon a matter not submitted to

6

them, or where the award is imperfect in form not affecting the merits of the controversy. *Id.* ¶ 11. Section 6 of the FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.

### III.  DISCUSSION

Mir's seeks relief from this Court's final order vacating the Arbitral Award pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment is void." "A judgment or order may be void for purposes of Rule 60(b)(4) if the court lacked personal jurisdiction or subject-matter jurisdiction in this case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law." *Ramirez v. Dep't of Justice*, 680 F. Supp. 2d 208, 210 (D.D.C. 2010). Here, Mir's contends that the Court's final order was void because the Court lacked both personal jurisdiction over Mir's and subject matter jurisdiction over the Petition to Vacate. The Court shall consider each of these contentions below.

    *A.  Personal Jurisdiction over Mir's*

Mir's contends that this Court lacked personal jurisdiction over Mir's at the time it entered its final order on September 18, 2009. Specifically, Mir's contends that it was never served with process pursuant to Federal Rule of Civil Procedure 4. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Mir's claims that Technologists requested a waiver of service on

7

August 20, 2009, thereby giving Mir's until October 30, 2009, to respond to the Petition to Vacate. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."); Fed. R. Civ. P. 12(a)(1)(A)(ii) (requiring defendants who waive service to serve an answer within 60 days after the request for a waiver was sent). However, Technologists never filed the waiver of service with the Court. *See* Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.") Thus, Mir's claims that the Court lacked personal jurisdiction over it.

Technologists does not dispute Mir's factual allegations regarding the lack of service under Rule 4. However, Technologists contends that Rule 4 does not apply to motions to vacate arbitration awards brought under § 10 of the Federal Arbitration Act ("FAA"). Because the FAA provides that such motions "shall be made and heard in the manner provided by law for the making and hearing of motions," 9 U.S.C. § 6, Technologists contends that Mir's was properly served pursuant to Rule 5, which governs the service of "pleadings and other papers." *See* Fed. R. Civ. P. 5. Technologists served Mir's' arbitration counsel with a copy of the Petition to Vacate by certified mail, which is sufficient service under the terms of Rule 5. *See* Fed. R. Civ. P. 5(b) (stating that service must be made on a party's attorney, if the party is represented, and that a paper may be served by "mailing it to the person's last known address—in which even service is complete upon mailing"). Thus, the Court must determine whether a party filing a motion to vacate an arbitration award pursuant to 9 U.S.C. § 10 must serve the adverse party with process pursuant to Rule 4 or whether service under Rule 5 is sufficient.

Section 12 of the FAA contains a specific provision governing the service required for motions to vacate, modify, or correct an award. *See* 9 U.S.C. § 12. These service provisions are substantially the same as those provided by § 9 for motions to confirm an arbitration award. *See id.* § 9. Section 12 provides, in pertinent part:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney *as prescribed by law for service of notice of motion in an action in the same court*. If the adverse party shall be a nonresident then the notice of the application shall be served *by the marshal of any district within which the adverse party may be found in like manner as other process of the court*.

9 U.S.C. § 12 (emphasis added). Section 12 thus creates separate service requirements for parties who reside in the district and those who reside elsewhere. However, a problem arises when the adverse party is, like Mir's, a foreign corporation that cannot be found in any judicial district of the United States. In that circumstance, it is literally impossible to comply with § 12's requirement that nonresidents be served "by the marshal of any district within which the adverse party may be found in like manner as other process of the court." It must also be noted that § 12's requirement that nonresidents be served by the marshal is an artifact of the era in which United States marshals were the default servers of process in federal courts, an era that ended in the early 1980s when the Federal Rules of Civil Procedures were amended so as to allow for service by any nonparty over the age of 18. *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 94 (1983) ("[P]rior to 1980, the marshal was the stated summons server unless there was a person 'specially appointed' by the court to make service."); *id.* ("[T]he amendment's ostensibly principal purpose is . . . taking the marshals out of summons service almost entirely.")

9

This problem with § 12 and foreign parties appears to have been first recognized by the court in *In re Arbitration Between InterCarbon Bermuda, Ltd. & Caltex Trading & Transportation Corp.*, 146 F.R.D. 64 (S.D.N.Y. 1993). In that case, the court concluded that § 12 provides no method of service for foreign parties not resident in any district of the United States and held that the proper fallback provision for service of process is Rule 4. *See* 146 F.R.D. at 67. The *InterCarbon* court relied in part on precedent from the Second Circuit interpreting the phrase "in like manner as other process of the court" found in § 9 of the FAA (which is identical to the language in § 12) as referring to the service requirements of Rule 4. *See id.* (citing *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971)). Although no courts within this circuit appear to have addressed the issue,[1] several authorities have followed *InterCarbon* in concluding that sections 9 and 12 of the FAA require service to be made on a foreign party in accordance with Rule 4. *See Americatel El Salvador, S.A. v. Compania De Telecomunicaciones De El Salvador*, No. 07-21940-CIV, 2007 WL 2781057, at * (S.D. Fla. Sept. 19, 2007) (holding that the proper fallback provision for service of process on foreign parties is Rule 4); *Canada Life Assur. Co. v. Converium Ruckversicherung (Deutschland) AG*, Civ. No. 06-3800, 2007 WL 1726565, at *4 (D.N.J. June 13, 2007) (same); *In re Arbitration Between Trans Chemical Ltd. & China Nat'l Machinery Import & Export Corp.*, 978 F. Supp. 266, 299-300 (S.D. Tex. 1997) (same); *see also Hancor, Inc. v. R & R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 14-16 (D.P.R. 2005) (holding that service on nonresidents

---

[1] Judge Reggie B. Walton recently confronted this issue but was not required to resolve what he described as "the quandary of applying Section 12 in the international arbitration context." *See Republic of Argentina v. BG Group PLC*, Civ. A. No. 08-485, 2010 WL 2264957, at *6 n.10 (D.D.C. June 7, 2010).

within a judicial district of the United States may be made under Rule 4 and need not be made by a marshal). These authorities recognize that because the FAA calls for service on nonresidents "in like manner as other process of the court," the provisions in the Federal Rules of Civil Procedure governing service of process should be applied. *See also* FED. R. CIV. P. 81(a)(6)(B) (stating that the Federal Rules of Civil Procedure apply to proceedings under the FAA except where the FAA provides other procedures). Thus, the weight of authority supports application of Rule 4 to the service of a motion to vacate an arbitration award filed pursuant to 9 U.S.C. § 10.

This Court finds these authorities persuasive and concludes that § 12 requires a party filing a motion to vacate, correct, or modify an arbitration award to serve notice on any foreign adverse party consistent with Rule 4. The language of § 12, although outdated because of the federal courts' abandonment of marshals as process servers, suggests that nonresidents should be served "in like manner as other process of the court," which points to the requirements of Rule 4. Although Technologists argues that Rule 5 should apply because petitions filed under the FAA are treated as motions rather than civil complaints, *see* 9 U.S.C. § 6, the Court is not persuaded by this argument. Section 6 merely ensures that motions to vacate or confirm arbitral awards are not subject to the pleading requirements of the Federal Rules of Civil Procedure and enables judges to decide arbitration issues on an expedited basis. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 308-09 (3d Cir. 2006); *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 365-66 (2d Cir. 1965). Under Technologists' interpretation of the FAA, foreign parties could be served by mail, whereas domestic parties who reside in another judicial district would have to be served under Rule 4 (which generally does not permit service by mail). This is not a logical reading of the FAA's service provisions, and Technologists has failed to cite

any authority in support of its construction of the statute. Therefore, the Court finds that service must be made pursuant to Rule 4.

Technologists implicitly concedes that service was not made pursuant to Rule 4 by arguing that its service by mail was sufficient under Rule 5. *Compare InterCarbon*, 146 F.R.D. at 67 ("InterCarbon practically admits [that it did not satisfy Rule 4] by its attempt to redirect the Court's attention from Rule 4 to Rule 5, and by its failure to claim that it met the requirements of Rule 4.") However, Technologists does argue that its service of papers on Mr. Hill was sufficient service under Rule 4(h)(1)(B), which permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). But even if Mr. Hill was authorized to accept service on behalf of Mir's, service by mail does not satisfy the requirements of Rule 4(h)(1)(B). *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602 (D.N.J. 2003). Thus, Technologists did not serve Mir's pursuant to the requirements of Rule 4. Although Mir's ultimately waived service under Rule 4, it did not do so prior to the Court's issuance of the final order granting the Petition to Vacate. Therefore, the Court did not have personal jurisdiction over Mir's when it issued its final order, and consequently, the order was void. Accordingly, the Court shall grant Mir's' Rule 60(b) Motion and vacate the final order of September 18, 2009.

The Court notes that Mir's does not appear to be arguing that the Court *presently* lacks personal jurisdiction over it, despite the fact that Technologists has not filed the waiver of service

as required by Rule 4(d)(4) or otherwise filed proof of service under Rule 4(l).[2] *See* Mir's' Opp'n to Mot. to Strike Cross-Petition to Confirm at 3 ("Whether the 'waiver of service' is to be given its intended effect or disregarded, in absence of other sufficient and binding legal service of process, this Court did not obtain personal jurisdiction over Mir's until October 30, 2009 at the earliest.") Thus, in light of the fact that Mir's ultimately waived service under Rule 4 and filed its Cross-Petition to Confirm on October 30, 2009, the Court assumes that it now has personal jurisdiction over Mir's and may proceed to consider the merits of the Petition to Vacate and the Cross-Petition to Confirm.

### B. *Subject Matter Jurisdiction*

Before the Court can consider the merits of whether the Arbitral Award should be vacated or confirmed, the Court must determine whether it has subject matter jurisdiction over this action. Mir's contends that this Court lacks subject matter jurisdiction over Technologists' Petition to Vacate and therefore this action must be dismissed. Specifically, Mir's argues that the FAA does not provide a basis for federal question jurisdiction and that there is no diversity jurisdiction because the amount in controversy requirement is not met. After Mir's filed its reply in support of its Rule 60(b) Motion, Technologists filed a surreply, in which it cited binding D.C. Circuit precedent regarding the issue of diversity jurisdiction. Mir's then filed a Motion to Strike Technologists' Surreply or, in the Alternative, to Allow Mir's Response to the Surreply, to which Technologists filed an opposition, and Mir's filed a reply. Because the issue of subject matter

---

[2] Technologists' counsel explains that because the waiver of service was returned by Mir's after the Court closed this case, he saw no reason to file the waiver at that time. In light of the service issues that have been raised by Mir's, it would behoove Technologists to file the waiver now that the case is reopened so as to ensure that the record is complete.

jurisdiction is essential to the Court's power to hear this matter, the Court shall DENY Mir's' Motion to Strike and GRANT Mir's' Alternative Motion to Allow Response. Therefore, the Court considers all of the parties' briefs in deciding the issue of subject matter jurisdiction.

Although the FAA explicitly allows a party to file an action in federal court to vacate an arbitration award, *see* 9 U.S.C. § 10, the Supreme Court has held that the FAA "is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Mohes H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) (internal citation omitted). Thus, "there must be diversity of citizenship or some other independent basis for federal jurisdiction." *Id.* Although *Moses H. Cone* did not involve a petition to vacate an arbitral award brought under § 10 of the FAA, the D.C. Circuit has made clear that the FAA does not confer federal question jurisdiction over motions to vacate. *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1246-47 (D.C. Cir. 1999) ("[W]e agree with the Seventh Circuit's conclusion that § 10 does not create federal question jurisdiction, even when the underlying arbitration involves federal law, essentially because of the Supreme Court's general pronouncements concerning the limits of federal district court jurisdiction over the Federal Arbitration Act.") Thus, Technologists' argument that the FAA confers federal question jurisdiction over its Petition to Vacate is foreclosed by binding precedent.

The question, then, is whether jurisdiction may be predicated on the diversity of the parties. *See* 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

14

interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state.") There is no dispute that the parties are diverse, but Mir's contends that the amount in controversy requirement is not met because the arbitrator awarded only $51,450, which is less than the jurisdictional threshold of $75,000 required by § 1332. However, the D.C. Circuit has adopted the "demand approach" to determining the amount in controversy in which the court looks to "the amount sought in the underlying arbitration rather than the amount awarded." *Karsner v. Lothian*, 532 F.3d 876, 882-84 (D.C. Cir. 2008). Although Mir's criticizes the demand approach as inconsistent with other circuits' treatment of this issue, this Court is bound by *Karsner* and its definition of the amount in controversy. A review of the arbitration pleadings (which are attached to the Petition to Vacate) clearly demonstrates that Mir's sought an award of more than $75,000 from the Arbitral Tribunal. *See* Pet. to Vacate, Ex. A (Terms of Reference) at 5-6 ("Claimant [Mir's] seeks an award finding Respondent breached the Purchase Agreement, awarding Claimant monetary damages in an amount of US$177,602.50 plus interest for unpaid invoices . . . .") Therefore, under the "demand approach," the amount in controversy requirement for diversity jurisdiction is met.

Mir's argues that even if there might be diversity jurisdiction, Technologists failed to plead a basis for it in the Petition to Vacate, and therefore the Court should not find that diversity jurisdiction exists until and unless Technologists amends its Petition to correct the jurisdictional defect. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") Mir's relies on Rule 8(a), which requires pleadings to contain "a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P.

15

8(a)(1). Mir's also cites the D.C. Circuit's decision in *Loughlin v. United States*, 393 F.3d 155 (D.C. Cir. 2004), in which the court explained that "[d]iversity jurisdiction must be pleaded by the party claiming it." *Id.* at 172. However, § 6 of the FAA provides that actions brought under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions . . . ." 9 U.S.C. § 6. Therefore, the normal pleading requirements of Rule 8 do not apply. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 308-09 (3d Cir. 2006); *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988). Although Technologists bears the burden of establishing that jurisdiction exists to hear its Petition, the Court finds that it has met that burden through its briefs in response to Mir's' Rule 60(b) Motion and the factual record from the arbitration proceeding attached to its Petition to Vacate. Thus, the Court is satisfied that is has subject matter jurisdiction over this matter.

    C.    *Petition to Vacate and Cross-Petition to Confirm*

Having determined that the Court's September 18, 2009 Order must be vacated and that it has jurisdiction to hear this action, the Court may now proceed to consider the Technologists' Petition to Vacate and Mir's Cross-Petition to Confirm the Arbitral Award. Because of the procedural history of this case, the Petition to Vacate and the Cross-Petition to Confirm are the only filings by the parties regarding the merits of the arbitration. Although the Cross-Petition is effectively an opposition to the Petition to Vacate, Technologists has not had an opportunity to respond to the merits of the Cross-Petition, as is customary in motions practice before this Court. Therefore, the Court shall allow the parties to file supplemental briefs addressing the Petition to Vacate and Cross-Petition to Confirm before ruling on the petitions and entering a final order.

Technologists did file a Motion to Strike Mir's Cross-Petition to Confirm, arguing that

(1) the cross-petition was untimely filed; (2) no cross-petition could be filed because the Court had already vacated the Arbitral Award; and (3) the time to appeal the Court's final order had expired. However, because the Court shall grant Mir's' Rule 60(b) Motion and set aside the September 18, 2009 Order, there is no basis for the arguments advanced by Technologists. Therefore, the Court shall DENY Technologists' Motion to Strike Mir's Cross-Petition to Confirm.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Mir's Limited's [12] Motion to Vacate the September 18, 2009 Order of the District Court for Lack of Personal and Subject Matter Jurisdiction, Inter. Alia. Pursuant to F.R.C.P. 60; DENY Mir's Limited's [19] Motion to Strike Technologists, Inc.'s Surreply; GRANT Mir's Limited's [21] Alternative Motion to Allow Mir's Limited's Response to Petitioner's Surreply; and DENY Technologists, Inc.'s [14] Motion to Strike Respondent's Cross-Petition to Confirm Arbitration Award. The Court shall HOLD IN ABEYANCE the [1] Petition to Vacate Arbitration Award and [9] Cross-Petition to Confirm Arbitration Award pending further briefing from the parties. An appropriate Order accompanies this Memorandum Opinion.

                                                     /s/
                                            **COLLEEN KOLLAR-KOTELLY**
                                            United States District Judge